Pollock, J.
This action comes into this court on appeal. The plaintiff, James L. Sause, claims that he entered into a contract with the defendant Catherine Ward for the sale to him of a certain *447 tract of real estate which is described in the petition; that upon demand she refused to convey this property to him as the contract required; and that afterwards she conveyed the property to her codefendant, said defendant accepting said deed with full knowledge of the equities of plaintiff. He asks that the defendants be required to reconvey the property to him.
On November 15, 1916, Catherine Ward was then the owner of the tract of land described in the petition; and on that date she entered into a written contract with the plaintiff, by which, for the consideration of one dollar, she gave to plaintiff as her agent the right to sell this property for the sum of $10,000. This contract was to continue for six months from its date, and for such further period as might elapse prior to a revocation in writing by said first party. The contract also ■contained the provision that Sause should have the ■option to purchase said property, at the price above stated,- at any time during the life of the contract.
After entering into this contract Sause endeavored to sell the property, until about the 13th day of February, 1917, on which date Catherine Ward, through her codefendant G. R. Purdun, as her agent, sold the property to the other codefendant, Isaac R. Howells, and entered into a written agreement therefor; said Howells paying $1,000 upon the purchase price.
The testimony shows that Purdun had knowledge of the contract with Sause, but there is no testimony showing that Purdun had any other interest in the sale of this property except to act as agent for Miss Ward; and the testimony does *448 not show that Howells had any notice or knowledge of the contract with Sause at the time he entered into this written contract with Miss Ward.
Afterwards, on March 20, 1917, Miss Ward ■conveyed this property by warranty deed to Howells, in accordance with her contract. After February 13, and before March 20, 1917, Sause elected to become the purchaser of this property under the option contained in his contract' with Miss Ward, and notified her of that fact. She refused to convey the property to Sause.
The testimony shows that Sause at that time knew that' she had entered into a contract for the sale of this property to Howells. At that' time he notified Miss Ward that he was ready and willing to comply with the conditions of the contract, and demanded that she convey the property to him by proper deed. Sause did not make any tender of the purchase money for the reason that Miss Ward positively refused to carry out the agreement.
After electing to purchase this property and notifying Miss Ward, and before the deed was made conveying the property to Howells, Sause notified Howells of his interest in the property, by showing him his contract with Miss Ward and informing him that he had elected to purchase the property under the option in the contract.
Under these facts the question arises whether Sause has a right to a decree of specific performance and an order requiring Flowells to convey this property to him, the purchase money to be used to protect the rights of Howells.
Flowells, at the time he was notified of the optional contract of Sause, had a written contract' *449 of sale of this property, and had paid thereon $1,000, but did not have the legal title — only a written contract capable of being enforced by a court of equity compelling specific performance.
A party having 'an equitable title to real estate, and not the legal title, is not protected as a bona fide purchaser without notice of prior equities. In order to be protected against prior equities he must have acquired the legal title and parted with the consideration therefor prior to notice. Elstner v. Fife, 32 Ohio St., 358; Brinton v. Scull & Johnson, 55 N. J. Eq., 747, 35 Atl. Rep., 843; Dean v. Anderson, 34 N. J. Eq., 496, and Haughwout v. Murphy, 22 N. J. Eq., 531.
Between parties holding equitable titles to real estate, the one having the prior equity can enforce in equity the specific performance of the contract 'by his grantor, and against the party holding the junior equitable title. Woods et al. v. Dille et al., 11 Ohio, 455, and Anketel et al. v. Converse et al., 17 Ohio St., 11, 21.
Whether Sause or Howells has the prior equity to this land depends upon when Sause first acquired an equitable interest.
The written contract entered into between Miss Ward and Sause is as follows, so far as it refers to the question now before us:
“For and in consideration of the sum of $1, the receipt of which is hereby acknowledged by said party, the said first party has this day placed in the hands of the said second party the property described in the reverse side hereof, and does hereby constitute and appoint the said second party, her agent, with the exclusive right to sell *450 said property for the sum of $10,000 or such sums of money as may hereafter be agreed upon, the purchase price to be paid as follows: * * *
“This agreement shall be in force for six months from -its date and for such further period as may elapse prior to revocation in writing by said first party; the said second party shall have the option to purchase said property at the price above stated at any time during the life of this contract.”
This contract is a contract of agency, with the further provision that the agent at his option may become the purchaser. Before Sause had made a sale of this property to anyone, or had elected to become the purchaser himself, Howells acquired an equitable interest in the property. -Whether Sause had a prior equitable title in this property depends upon the legal effect of the optional contract given by Miss Ward to him to purchase the real estate within the life of the contract at the price named therein.
A written optional contract for a nominal consideration given by the owner to sell his real estate is not a sale thereof, but only a standing offer to sell to the person, and at the price named therein, if accepted within the time stated in the optional contract. The option confers no right to the holder of the option in the real estate, but it is only a sale of a right to him to become the purchaser upon the acceptance thereof within the time stated. Until the acceptance of the offer according to the terms thereof, it does not ripen into a sale of the real estate or become a completed contract between the parties for the sale *451 thereof. It is only after the holder of the option has accepted the option that he becomes the equitable owner of the property, and can compel specific performance of the contract in a court of equity. Bostwick et al. v. Hess et al., 80 Ill., 138; Willard v. Tayloe, 8 Wall., 557, 19 L. Ed., 501 ; Barnes v. Rea, 219 Pa. St., 279, 68 Atl. Rep., 836; Hopwood v. McCausland, 120 Ia., 218, 94 N. W. Rep., 469; Western Securities Co. v. Atlee, 168 Ia., 650, 151 N. W. Rep., 56, and Knott v. Thomas et al., 180 S. W. Rep., 1114.
This contract gave Sause the right to convey the equitable title to some one else, or to become the equitable owner himself, but it did not convey any title to the land. The contract was not a Sale of the land, but an agency to Sause to sell the property and an option to him to become the purchaser of it. After his election to become the purchaser under this option he then had the equitable title, and in the absence of a prior equity, either he or Miss Ward could have asserted it against the other in an action for specific performance.
As Howells’ equitable ownership is of date prior to the time that Sause notified Miss Ward of his election to purchase the property under the, option, it follows that Sause is not entitled- to specific performance in this action, and his petition is dismissed.

Petition dismissed,

Metcalfe and Farr, JJ., concur.