FRANCK v. SEAVEY MFG. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1617. Decided Feb. 23, 1926

870. OPTIONS—Where given for definite period and for consideration, an extension without consideration (297) constitutes a new agreement and it may be revoked before acceptance.

RICHARDS, J.

Julian Franck commenced an action against the Seavey Mfg. Co. in the Lucas Common Pleas to recover $242,500 damages for breach of a contract to make Franck the exclusive distributor of the Air-Way Electric Cleaners in the State of New York and other adjacent territories.

The controlling matter in the case was whether the parties had in fact made a contract.

Franck resided in New York and the Company was located in Toledo, and much negotiation was had through the medium of letters and telegrams between the parties. A letter sent by the Company set forth its willingness to hold the matter of the contract open for another ten days. Franck did not accept the option within that time but telegraphed on the 25th asking for another ten day extension; but no such extension was granted.

The Company on the 18th wrote to Franck that the Air-Way Cleaners had been shipped but owing to an embargo which would be lifted in a day or two were still in Toledo. The Company's letter contained a paragraph as follows:

"Upon receipt of these machines I hope that you will at once set about it to make up your mind to take on exclusively the Air-Way, as our New York distributors. The writer be- lieves that you should be in a position to tell us within the next two weeks, and we surely will appreciate your early action." Franck relies upon this as an extension of the option theretofore given.

The Common Pleas directed a verdict in favor of the Company upon which judgment was rendered. Franck prosecuted error and the Court of Appeals held:

1. The company's letter of February 16th constituted an option for ten days and was based on sufficient consideration.

2. Treating the Company's letter of the 18th as an extension of the option theretofore given, it was clearly without consideration and could be revoked at any time before acceptance.

3. "Where an option on consideration is for a definite time, an extension of the option without consideration constitutes a new agreement and the option is revocable at any time before acceptance."

4. Frank on the 27th, telegraphed the receipt of the samples and his ability to close except for a few minor changes in the contract.

5. This telegram could not be an acceptance of an option because it contained a reservation providing for changes in the contract.

6. While the option was extended two weeks by the letter of February 18th, it was without consideration and was lawfully revoked by Frank's telegram of the 27th, so that the minds of the parties never met.

Judgment affirmed.

Attorneys—Ritter & Brumback for Franck; Tracy, Chapman & Welles, for Company; all of Toledo.