The MIDLAND PROPERTIES COM-
PANY, Plaintiff,

v.

UNION PROPERTIES, Inc., Defendant.

No. 31108.

United States District Court
N. D. Ohio, E. D.
Jan. 17, 1957.

Elbrecht & Roberts, Lockwood Thompson, Harry J. Dworkin, Cleveland, Ohio, for plaintiff.

L. C. Wykoff, Edwin A. Howe, Cleveland, Ohio, for defendant.

WEICK, District Judge.

This is an action for damages for the alleged breach of a written contract for the sale of certain judgments and decrees rendered in a number of cases then pending in the Court of Common Pleas of Cuyahoga County which involved the foreclosure of mortgages on real estate.

Jurisdiction of the Court was based on diversity of citizenship.

The defendant denied the existence of a binding contract of sale and pleaded in bar the 15 year Statute of Limitations. R.C. § 2305.06.

The evidence disclosed that on July 21, 1938 a letter was written by Messrs. Squire, Sanders & Dempsey, attorneys representing the defendant, to one Perry L. Graham, who was acting in behalf of an undisclosed principal, outlining the terms on which their client was willing to sell said judgments and decrees.

The terms of the offer were payment of $54,000 in cash and the execution and delivery to defendant of releases executed by Robert W. Halliday, individually and as administrator of the estate of Janet Halliday, deceased. Approval by the Probate Court was required of the administrator's release.

The letter specifically stated:

"Time is of the essence in connection with this proposition of Union Properties, Inc. since the Sheriff's sales are set for August 8, 1938 and *the proposition is therefore open for acceptance by deposit of the funds and releases in escrow on or before August 5, 1938.*" (Emphasis added.)

On August 1, 1938 these attorneys wrote another letter to Graham stating that defendant, for a consideration which was paid, "is willing to allow its offer to remain open for acceptance by your undisclosed principal or by Robert W. Halliday, Administrator of the Estate of Janet W. Halliday, deceased, *on the same terms and conditions until October 1, 1938 * * *.*" (Emphasis added.)

The letter again stated that time was of the essence and that the offer would expire by its terms on October 1, 1938.

It is undisputed that neither the stipulated cash in the amount of $54,000 or releases were deposited by an undisclosed principal or by the administrator in escrow prior to October 1, 1938 or at any other time and no tender thereof has ever been made.

Instead various letters were written to defendant by persons on behalf of the so-called undisclosed principal containing other offers to purchase, none of which were ever accepted by defendant.

The last of such offers was rejected by defendant on September 13, 1939.

The complaint was not filed in this case until June 2, 1954.

It is clear to the Court that no contract was ever entered into in this case.

At most, the letter of July 21, 1933 constituted an option which provided the manner of exercise, namely, "by deposit of the funds and releases in escrow on or before August 5, 1938."

The letter of August 1, 1938 continued the acceptance date until October 1, 1938.

 The option could only be exercised in the manner provided for therein by depositing the cash and releases in escrow on or before the time specified therein. Sause v. Ward, 7 Ohio App. 446; Wadsworth v. Edwards, 21 Ohio Cir.Ct.R.,N.S., 401.

Since the cash and releases were not deposited in escrow, the option was never exercised. There never was an acceptance of the offer. There never was any contract. There could be no exercise of the option by plaintiff after the option had expired. Longworth v. Mitchell, 26 Ohio St. 334; Franck v. Seavey Mfg. Co., 21 Ohio App. 369, 153 N.E. 209.

No contract was entered into after October 1, 1938 because all of the subsequent offers were rejected by defendant.

The plaintiff did not come into existence until it was incorporated under the laws of Delaware on April 18, 1940. This was nearly a year and one-half after the option had expired. It was too late then to exercise the option or accept the offer.

The organization of the plaintiff company and its coming into existence did not revitalize the option which had expired. It was too late then to exercise it.

Plaintiff cannot recover here because it failed to prove the existence of a binding contract.

Rev.Code of Ohio § 2305.06 required the action to be commenced within 15 years after the cause of action arose.

The option expired on October 1, 1938. More than 15 years has elapsed before the filing of the complaint in the present action.

The fact that a later offer was made by or in behalf of the undisclosed principal and rejected by defendant in 1939 did not toll the Statute of Limitations.

This memorandum is adopted as findings of fact and conclusions of law. An order may be entered rendering judgment in favor of defendant and dismissing the complaint.