TATUM, APPELLANT, v. TATUM ET AL., APPELLEES.

(No. 8558—Decided May 11, 1959.)

*Mr. William C. Kelly*, for appellant.

*Mr. Henry L. Kelsch* and *Mr. A. R. Cunningham*, for appellees.

MATTHEWS, P. J.   This is an action by V. Holt Tatum against Dorothy M. Tatum, individually, and Dorothy M. Tatum as administratrix of the estate of John L. Tatum, deceased, in which he seeks an accounting of his equitable interest in certain real estate.   The trial court found for the plaintiff against Dorothy M. Tatum, individually, and rendered judgment in the sum of $157.48 in favor of plaintiff, and found in favor of the estate of John L. Tatum.   The plaintiff appealed from that judgment on questions of law only.

It appears from the record that V. Holt Tatum and John L. Tatum were brothers.   V. Holt Tatum was unmarried and at the time important to this inquiry, John L. Tatum was engaged to marry Dorothy M. Tatum, whom he married shortly after the initiation of the discussion out of which this action arose.

In 1947, the two brothers and their parents were living together, and they wanted to continue to so reside, but, in view of the approaching marriage of John L. Tatum, they sought a residence which would provide for the altered situation.

They found a residence suitable to their needs at 5691 Belmont Avenue, Cincinnati, Ohio, which they could acquire for $16,000. Thereupon, they proceeded to make a survey of the available family resources. V. Holt Tatum, the plaintiff, had $500, which he was willing to contribute. It does not appear that any other member of the family contributed any cash, but, perhaps, John L. Tatum made some small contribution. On September 8, 1947, the title to this real estate was transferred to John L. Tatum and Dorothy M. Tatum, his wife, and they executed a mortgage for the unpaid purchase price. The amount of that mortgage does not expressly appear, but the $500 contributed by V. Holt Tatum is described as the down payment in connection with the mortgage, and at the death of John L. Tatum there was a balance due on the mortgage of $14,200.34. As John L. Tatum made payments of $25 per month during his lifetime, it seems clear that the cash payment was very small, and was probably limited to that supplied by V. Holt Tatum. However, the balance of the purchase price was obtained on the personal obligation of John L. Tatum and Dorothy M. Tatum, which also must be considered as their cash contribution to the purchase. V. Holt Tatum did not pledge his personal credit to any extent.

Shortly after this property was acquired all five members moved in, but, by 1954, when John L. Tatum died, his father had died, and his mother was sick and in a nursing home. It does not expressly appear where V. Holt Tatum was residing.

The title to this property continued to stand in the names of John L. Tatum and Dorothy M. Tatum at the time of John L. Tatum's death. Dorothy M. Tatum was appointed administratrix of his estate, and by proceedings in the Probate Court, to which V. Holt Tatum was not a party, Dorothy M. Tatum acquired the undivided one-half interest owned by John L. Tatum, and thereby became the owner of the entire estate. She later sold the property for $17,000.

On January 10, 1949, John L. Tatum signed and delivered to V. Holt Tatum the following certificate:

"January 10, 1949.

"This will certify that the equity of V. H. Tatum in the property at 5691 Belmont Avenue is as follows:

"$500.00 down payment.

"$25.00 per mo. beginning with the first payment made to Central Fairmount B. & L. thru Dec. 1948.

"(Signed)   JOHN L. TATUM."

This indicates clearly that the agreement was contemporaneous with the transfer. *Russell* v. *Bruer*, 64 Ohio St., 1.

The petition was filed February 20, 1956, and, after reciting most of the facts hereinbefore set forth, plaintiff alleged that the money advanced by him was "for the purpose of plaintiff's acquiring an investment and an equitable interest in said real estate in the proportion that the moneys advanced by plaintiff bore to the purchase price of said real estate."

The plaintiff alleged that Dorothy M. Tatum paid nothing on the purchase price, and at all times knew all the facts surrounding the acquisition of this property.

As a result of the trial, the court found on the issues in favor of the plaintiff, including a special finding of facts embracing the facts hereinbefore recited, and entered judgment in the plaintiff's favor against Dorothy M. Tatum, individually, as hereinbefore stated, for $157.40, and found that the plaintiff was not entitled to recover against the estate of John L. Tatum, deceased.

The plaintiff has appealed from that judgment to this court on questions of law.

At the time of the death of John L. Tatum, he was the owner of the legal title to an undivided one-half interest in the Belmont Avenue real estate. There is no evidence that he was under a personal obligation to pay V. Holt Tatum the amount of his advancements. The evidence is to the contrary. However, his title to the undivided one-half was subject to an equity in favor of V. Holt Tatum to the extent of those advancements, as determined by the formula set forth in the writing which he signed and delivered to V. Holt Tatum. And to that extent, V. Holt Tatum was the beneficiary of that trust, he was entitled to follow that title or its proceeds into whomsoever's hands it might go until it came to rest in the hands of a purchaser for value, without notice of the equity.

The liability of Dorothy L. Tatum individually and as administratrix, results not from the fact that John L. Tatum was

indebted to V. Holt Tatum, but from the fact that after the death of John L. Tatum through her wrongful act she and his estate have been enriched by the action of his administratrix in converting the title of V. Holt Tatum, and to that extent enhancing the estate. Of course, the provision for presenting proof of claims against decedent's estates had no application to such a situation.

So we hold that the entire net proceeds of the sale of this property by Dorothy M. Tatum is subject to this charge in favor of V. Holt Tatum.

There is some confusion as to the amount which V. Holt Tatum contributed to the purchase of this real estate, but a careful reading of the evidence indicates that it was $900. Inasmuch as the total purchase price was $16,000, his undivided interest in that title, reduced to its lowest terms was 9/160ths. As that interest was a part and parcel of the total, as the value of the whole increased, so did the value of each component part increase. The fractional share would remain the same, but its value would not. So that when the defendant sold this property, she sold an undivided equitable interest of 9/160ths that belonged to V. Holt Tatum, which she would now hold as trustee, one-half of which by virtue of the original agreement, and one-half by virtue of having acquired the other one-half held after the death of John L. Tatum. However, the corpus of this trust is not identifiable in her hands, the only judgment that can be rendered is a personal one for money.

For these reasons, the judgment in favor of Dorothy M. Tatum as administratrix of the estate of John L. Tatum, deceased, is reversed, and judgment is rendered in favor of the plaintiff, V. Holt Tatum, against Dorothy M. Tatum, as administratrix of the estate of John L. Tatum, deceased, and also against Dorothy L. Tatum, individually, for nine one-hundred sixtieths (9/160ths) of the selling price of $17,000.

*Judgment accordingly.*

O'CONNELL, J., concurs.