DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Toledo Municipal Court which granted summary judgment in favor of defendant-appellee, Kenneth Cappelletty, and thereby dismissed the action filed by plaintiff-appellant, Abid Al-Marayati. From that judgment, appellant raises the following assignment of error:
 "The trial court abused its discretion and erred as a matter of law when it granted Appellee summary judgment."
The undisputed facts of this case are as follows. On March 17, 1998, appellant filed a complaint in the court below which alleged that on or about March 18, 1996, he was driving his automobile southbound on Richards Road in Toledo, Ohio when, upon entering the intersection of Richards Road and Dorr Street, he struck an automobile driven by Cappelletty. Appellant specifically alleged in the complaint that Cappelletty was proceeding east to west on Dorr Street as part of a funeral procession. Appellant then alleged that the impact of the crash caused severe damage to his automobile and grievous injuries to his person and that those damages were directly and proximately caused by the acts of Cappelletty. Cappelletty filed an answer and counter-claim in which he admitted that he was part of a funeral procession at the time of the accident but denied any responsibility for appellant's damages. He further asserted in his counter-claim a negligence action for the damages he sustained as a result of appellant's collision with him.
Thereafter, on July 10, 1998, Cappelletty filed a motion for summary judgment supported by his own affidavit. Cappelletty asserted that because he was in a funeral procession with his headlights illuminated and with a funeral flag on his car at the time of the collision, he had the right of way in the intersection and appellant had not asserted an actionable claim against him. In his affidavit, Cappelletty attested to the facts that at the time of the collision, he was driving in a funeral procession, had his bright headlights illuminated, had a funeral flag on his car, was approximately three quarters of the way through the procession, was evenly spaced between the cars immediately ahead of and behind him, and was not lagging behind the car in front of him. Along with the filing of his summary judgment motion, Cappelletty filed a Civ.R. 41 (A) notice of dismissal with regard to his counter-claim. On July 16, 1998, the trial court filed a judgment entry denying the motion for summary judgment without explanation. Thereafter, appellant filed a motion for an extension of time to respond to the summary judgment motion. The court, however, denied that motion finding it moot in light of the court's denial of the summary judgment motion.
On October 2, 1998, the case came on for a pretrial conference. While there is no transcript in the record of that pretrial, on October 13, 1998, the lower court filed a judgment entry which reads in relevant part as follows:
 "Upon oral motion for reconsideration by the Defendant, this October 2, 1998, the Court hereby finds and Orders that the Defendant's previously filed Motion for Summary Judgment be found well taken and granted. Present on behalf of the Plaintiff was attorney, Greg Hickman, and present on behalf of the Defendant was attorney, Jeffrey Charles.
 "The Court further finds and Orders that its previous ruling, wherein Defendant's Motion for Summary Judgment was denied, be found null and void. The Court therefore finds that reasonable minds could only conclude, after having viewed the evidence in a light most favorable to the non-moving party, that the Defendant in this cause of action breached no duty which it owed to the Plaintiff and, therefore, Plaintiff's Complaint against Defendant is Ordered dismissed with prejudice."
It is from that judgment that appellant now appeals.
In his sole assignment of error, appellant contends that the trial court erred in sua sponte granting summary judgment to appellee after previously denying the same motion.
In reviewing the ruling on a motion for summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted when there remains no genuine issue as to any material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C).
Appellee's motion for summary judgment was initially denied by the trial court without explanation. The denial of a motion for summary judgment is an interlocutory order. Glick v.Dolin (1992), 80 Ohio App.3d 592, 594.
 "`If the trial court errs in overruling a motion for summary judgment, it is not necessary that that court wait until the judgment is reversed upon appeal, but, instead, the court may correct its error either upon a motion for reconsideration or upon a new motion for summary judgment predicated upon the same law and facts.'" Id., quoting Maxey v. Lenigar (1984), 14 Ohio App.3d 458, 459.
Moreover, due to the interlocutory nature of a denial of a motion for summary judgment, a trial court has the authority to suasponte vacate, revise or modify its prior denial. Peters v.Ashtabula Metro. Hous. Auth. (1993), 89 Ohio App.3d 458, 463.
Although there is no transcript of the October 2, 1998 pretrial, the trial court's judgment entry of October 13, 1998 reflects that at that conference appellee orally moved for reconsideration of his motion for summary judgment. Accordingly, the court had the authority to reevaluate appellee's motion for summary judgment. Nevertheless, we find under the circumstances of this case that the court erred in granting the motion for summary judgment without giving appellant an opportunity to respond. Appellant had previously expressed his desire to respond to the summary judgment motion but was told by the trial court that his request was moot given the court's denial of that motion. Because of this previous request, we find that the trial court's granting of summary judgment in this case was fundamentally unfair and an abuse of discretion. That is, under the circumstances of this case, the court could not reasonably conclude that no genuine issue of material fact remained and that appellee was entitled to judgment as a matter of law. In so holding, we make no judgment regarding the ultimate outcome of this case or the consideration of a summary judgment motion in a proper procedural context, but simply find that, under the circumstances of this case, appellant must be given an opportunity to respond to the summary judgment motion.
Accordingly, the sole assignment of error is well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Toledo Municipal Court is reversed. This cause is remanded for further proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ James R. Sherck, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.