[Cite as *Johnson v. Kuehn*, 2020-Ohio-3757.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## CARROLL COUNTY

DIANE MARIE JOHNSON,

Plaintiff-Appellant,

v.

JEFFREY W. KUEHN,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 CA 0935**

---

Civil Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 18 CVH 29190

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Sean Buchanan*, Slater & Zurz, LLP, One Cascade Plaza, Suite 2210, Akron, Ohio 44308 for Plaintiff-Appellant, and

*Atty. Edgar Moore, Jr.* and *Atty. Timothy Moore*, Bixler, Moore, LLC, 4505 Stephen Circle NW, Suite 101, Canton, Ohio 44718 for Defendant-Appellee.

Dated:  July 10, 2020

––––––––––––––––––––

**Robb, J.**

{¶1}    Plaintiff-Appellant Diane Marie Johnson appeals the decision of the Carroll County Common Pleas Court granting summary judgment for Defendant-Appellee Jeffrey Kuehn. The issue in this appeal is whether the trial court erred in granting summary judgment for Appellee.  For the reasons expressed below, the trial court's decision is affirmed.

Statement of the Case

{¶2}    Appellant and Appellee are brother and sister.  Their father, Heinrich Kuehn, died in January 2018 with both probate and non-probate assets.  At issue in this case is the non-probate assets, which are two Edward Jones accounts and Heinrich's home. Appellee was listed as the beneficiary on both Edward Jones accounts.  In 2010, prior to the onset of Alzheimer's, Heinrich executed a Transfer on Death Deed for his house naming Appellee beneficiary.

{¶3}    Following Heinrich's death, Appellant filed a complaint against Appellee asserting either an express or implied trust was created and as such, one-half of the non-probate assets were to be held in trust for Appellant's benefit.  She also asserted Appellee would be unjustly enriched if he was permitted to keep all the non-probate assets.  12/2/18 Complaint.  It is undisputed that Heinrich did not have a written trust providing for the distribution of his non-probate assets.

{¶4}    Appellee answered denying that an express or implied trust was created.  1/28/19 Answer.

{¶5}    Both Appellant and Appellee were deposed.

{¶6}    Thereafter, Appellee filed a motion for summary judgment arguing there was no evidence that an express or implied trust was created. 7/26/19 Defendant Summary Judgment Motion.

{¶7}    Appellant filed a response asserting there was a genuine issue of material fact as to whether an express or implied trust was created.  8/26/19 Plaintiff Response to Summary Judgment Motion.  She supported her position with statements from Appellee indicating that Heinrich wanted Appellee to help Appellant if she ever needed it.  She also

pointed to the Application for Authority to Expend Funds filed with the Probate Court where Appellee asked for permission to rent his father's house to tenants. At the time, Heinrich resided at a facility for patients with Alzheimer's Disease. In the application, Appellee stated, "Seek authority to rent the ward's home or apartments for $600/month to offset his increase in costs to a new facility. The ward would like to retain his home for his daughter in the future and not sell it. Per local realtors, his home in current condition could only rent for that much." Exhibit B to Jeffrey Kuehn's Deposition.

**{¶8}** Appellee filed a reply re-asserting there was no evidence that an express or implied trust was created. 9/20/19 Defendant Reply in Support of Summary Judgment. He argued the statements made by his father to help his sister did not create an express or implied trust. 9/20/19 Defendant Reply in Support of Summary Judgment. In response to his statement in Exhibit B, Application for Authority to Expend Funds, he pointed to his deposition testimony explaining that Appellant had told him that she or her family might want to purchase the home and he wanted to give her the opportunity to do so. Jeffrey Kuehn Depo. 38-39.

**{¶9}** The trial court granted Appellee's motion for summary judgment. 10/11/19 J.E. As to an express trust, the trial court concluded that neither party produced evidence that Heinrich made an explicit declaration of trust for Appellant's benefit or intended to create a trust for her benefit. The trial court explained:

> The Plaintiff was asked several times in her deposition if she can recall anything that Heinrich told her that would indicate that he wanted the property to be held by Defendant for Plaintiff's benefit. Plaintiff's response to that line of questioning was always "no" or "I do not recall".

> The Defendant was asked during his deposition about the elements of an Express Trust. Specifically, he admitted that Heinrich asked Defendant to take care of Plaintiff after Heinrich's death. However, there was no evidence of any explicit declaration that Heinrich intended to create a trust for Plaintiff. Instead Defendant described Heinrich's desire for Defendant to help Plaintiff if she needed it, in the way any normal brother and sister would help each other.

10/11/19 J.E.

**{¶10}** The court also found that no implied trust was created. The court noted the evidence was clear that in October 2010 Heinrich named Appellee as beneficiary of the transfer on death deed. The evidence indicated Heinrich became angry at Appellant because she wanted the house but was going to make him move out, so he intentionally had the deed changed so she would not benefit. The trial court indicated there was no evidence to suggest Appellee influenced this decision. Also, there was no evidence that Appellee influenced Heinrich's decision to name Appellee as beneficiary of the Edward Jones accounts. Accordingly, the trial court found the elements of constructive trust did not exist. 10/11/19 J.E.

**{¶11}** Appellant appeals the trial court decision to grant summary judgment in Appellee's favor.

### Assignment of Error

**{¶12}** "The Court erred in the application of the summary judgment standard to this matter in granting summary judgment to the defendant."

**{¶13}** The trial court held that the undisputed facts as a matter of law did not result in an express oral trust or an implied constructive trust. Appellant finds fault with that decision and asserts there is a genuine issue of material fact as to whether an express oral trust or an implied trust was created. Appellee counters arguing the facts do not rise to the level of creating an express oral trust or an implied constructive trust; there is no genuine issue of material fact.

**{¶14}** We review a trial court's summary judgment decision de novo, applying the same standard used by the trial court. Ohio Govt. Risk Mgt. Plan v. Harrison, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the nonmoving party, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is

Case No. 19 CA 0935

adverse to the opposing party. Civ.R. 56(C); Byrd v. Smith, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

**{¶15}** This case involves the assertion that a trust was created to benefit Appellant. The Ohio Supreme Court has defined a trust as "the right, enforceable in equity, to the beneficial enjoyment of property, the legal title to which is in another." Ulmer v. Fulton, 129 Ohio St. 323, 339, 195 N.E. 557 (1935). There are two types of trusts, express and implied. Brate v. Hurt, 174 Ohio App.3d 101, 2007-Ohio-6571, 880 N.E.2d 980, ¶ 25 (12th Dist.); Lawrence v. Bailey, 3d Dist. Marion No. 9-99-37, 2000 WL 51803 (Jan 25, 2000). "An express trust arises by reason of a manifested intention to create it. Constructive trusts are imposed irrespective of intention." Peterson v. Teodosio, 34 Ohio St.2d 161, 172, 297 N.E.2d 113 (1973). See also 91 Ohio Jurisprudence 3d , Trusts, Section 5 ("Express trusts are those intentionally created by the direct and positive act of the settlor by some writing, deed, will, or oral declaration, and are distinguishable from the implied trusts or trusts by operation of law, resulting and constructive, in that resulting trusts are founded upon the intention, implied in law, of the parties to the transaction, and constructive trusts are founded upon fraud or wrongdoing irrespective of the intention of the parties concerned.").

**{¶16}** The analysis will begin with whether there was evidence presented that creates a genuine issue of material fact as to whether an express oral trust was created.

## Express Oral Trust

**{¶17}** The party alleging the existence of an express oral trust has the burden of proving, by clear and convincing evidence, that a trust was created and the terms and conditions of that trust. In re Estate of Hoffman, 175 Ohio St. 363, 195 N.E.2d 106, syllabus (1963); Boughman v. Boughman, 69 Ohio St. 273, 279, 69 N.E. 430 (1903). "Regardless of the mode of creation, it is indispensable that the elements of a trust be established. Boughman at 280.

**{¶18}** The Ohio Supreme Court has set forth the elements of an express trust, stating:

> While its elements have been variously stated to constitute an express trust there must be an explicit declaration of trust, or circumstances which show beyond a reasonable doubt that a trust was intended to be created, accompanied with an intention to create a trust, followed by an actual conveyance or transfer of lawful, definite property or estate or interest, made by a person capable of making a transfer thereof, for a definite term, vesting the legal title presently in a person capable of holding it, to hold as trustee for the benefit of a cestui que trust or purpose to which the trust fund is to be applied; or a retention of title by the owner under circumstances which clearly and unequivocally disclose an intent to hold for the use of another.

Ulmer, 129 Ohio St. 323, 339–40, quoting 65 Corpus Juris, 231, § 21. See also 53 Ohio Jurisprudence 2d, Trusts, Section 40 (1962). See also 91 Ohio Jurisprudence 3d, Trusts, Section 49 ("Under Ohio law, four requirements are necessary to establish existence of an express or technical trust: (1) an intent to create trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary. An express trust is created by the act, consent, and mutual understanding of the parties. To constitute an express trust, there must be an explicit declaration of trust or circumstances which show beyond reasonable doubt that a trust was intended to be created and that it was made by a person capable of making a transfer.").

{¶19} During her deposition, Appellant was asked whether she could recall Heinrich indicating he wanted the property (house and/or the Edward Jones Accounts) to be held for her benefit. Her answer was either "no" or "I do not recall." Diane Johnson Depo. 26, 27, 32, 33. She did acknowledge that she was aware that in 2010 Heinrich executed a transferable on death deed for the house and named Appellee as the beneficiary. Diane Johnson Depo. 30. Heinrich did not tell her why that was occurring. Diane Johnson Depo. 30.

{¶20} Appellee's testimony explained the circumstances that lead to the execution of the 2010 transferable on death deed naming Appellee as the beneficiary. He admitted that initially his father wanted Appellant to have the house. Jeffery Kuehn Depo.

33. Appellant had told Heinrich that her family really liked the house and would like to live in it when he passed away. Jeffery Kuehn Depo. 33. However, around 2009 or 2010, Appellant told Heinrich that they were moving out of state. Jeffery Kuehn Depo. 33. Heinrich told her he did not understand and thought they wanted to live in his house. Jeffery Kuehn Depo. 33. She responded by stating that maybe they would give the house to her middle child and that he would remodel it and live there now. Jeffery Kuehn Depo. 33. Heinrich then asked her where he was supposed to live and she responded that he would have to go live somewhere else. Jeffery Kuehn Depo. 33. Appellee explained:

> At that point he [Heinrich] became very angry and he wanted to make sure that he'd heard Diane correctly. And at that point he had called me up and he said, Jeff, I want you to come over here and talk with your sister. She's here now. He called me up. I dropped what I was doing, drove an hour and half from the other side of Youngstown, came over and said, Diane, dad's very upset about something about the house. Did you tell dad that you were kicking him out of his house? And she said, Well I don't know what you mean. He said something about you're going to give the house to Jason and he's going to live in the house and he's going to go somewhere else. And she said, Well, yeah, if Jason's living here, dad would have to go somewhere else. I said, Diane, what you're telling dad is that he's going to have to leave his own house? She said, Well, I guess he would have to.

Jeffrey Kuehn Depo. 34-35.

{¶21}   Appellee explained that Heinrich asked him if he wanted the house, to which he responded that he did not, but if it was given to him he would either sell it or utilize it as a rental property. Jeffrey Kuehn Depo. 35. Heinrich then executed the transfer on death deed naming Appellee as beneficiary. Jeffrey Kuehn Depo. 35. Appellee explained that Heinrich was so angry at Appellant that she and her family were going to kick him out of his house that his response was to give it Appellee. Jeffrey Kuehn Depo. 35.

Case No. 19 CA 0935

**{¶22}** This evidence clearly indicates that in 2010 there was no intention by Heinrich to create an express oral trust regarding the house. The evidence in fact suggests the opposite; there was a clear intention to not create a trust.

**{¶23}** Admittedly, during the deposition, Appellant submitted Plaintiff's Exhibit B, Application for Authority to Expend Funds. Appellee was named as Heinrich's guardian because Heinrich had developed Alzheimer's Disease. Appellee filed this Application for Authority to Expend Funds in the Stark County Probate Court on March 23, 2016. In this application, he stated, "Seek authority to rent the ward's home or apartments for $600/month to offset his increase in costs to a new facility. The ward would like to retain his home for his daughter in the future and not sell it. Per local realtors, his home in current condition could only rent for that much." Exhibit B to Jeffrey Kuehn's Deposition. Appellant asserts this language creates a genuine issue of material fact as to whether an express oral trust was created.

**{¶24}** In making that argument, Appellant fails to acknowledge Appellee's testimony regarding this statement. He was asked if after the 2010 execution of the transfer on death deed if there was any subsequent desire from Heinrich to give Appellant the house and Appellee responded there was not. Jeffrey Kuehn Depo. 36. When asked if that statement on the Application for Authority to Expend Funds meant Heinrich wanted to give the house to Appellant, Appellee responded, "Maybe. Maybe it does. He still hadn't changed his mind on what he wanted to do with it, but at this point my father already had Alzheimer's and dementia and he said a lot of things." Jeffrey Kuehn Depo. 37. This statement indicates that if such an expression was made, it was when he had Alzheimer's and did not have the capacity to express an intention to create a trust for Appellant. Furthermore, Appellee went on to explain that he did not make that statement about wanting to keep the house as the result of an express statement from Heinrich about keeping the house for Appellant's benefit. Jeffrey Kuehn Depo. 38. Rather, he made the statement because Appellant had expressed an intention for her or her children to buy the house in the future. Jeffrey Kuehn Deop. 38.

**{¶25}** Appellant offers no evidence to dispute this testimony. She does not state that she never wished to buy the house or that Heinrich had a lucid moment and expressed an intention to create an express oral trust for her benefit regarding the

Case No. 19 CA 0935

house. Therefore, the trial court's conclusion that there was no clear and convincing evidence of the elements of an express oral trust was correct.

**{¶26}** As to the two Edward Jones accounts, the only potential evidence of an intention to create or the creation of an express oral trust regarding these accounts is Heinrich's statements to Appellee to take care of his sister and her children, and to help them. Appellee admits these statements were made, but indicates Heinrich meant to help them if they got into trouble:

> He didn't mention anything regarding money. He just mentioned helping them out in case they get into any kind of trouble. For my dad, trouble could have been any number of things, which would include, like I said, changing a light bulb or a stalled car or even helping them, you know, do their taxes, whatever, you know, you brought that up before. It could have been any number of things. My dad just said, in case they get into trouble, somebody's probably going to need to be there, since I'm not going to be around, he wanted to know if I was still willing to help them, even though they had, you know, not really wanted to have any relationship with myself or my wife over the years, would I still be willing to help them. And I said, Dad, we've not been real close for these last ten years or so, and I said, I stepped up and helped you. I really wasn't crazy about it, but I said, it's the right thing to do because we're family. And again, I'm still willing to do that.

Jeffrey Kuehn Depo. 56-57.

**{¶27}** Appellant offers no evidence to indicate what Heinrich meant when he asked Appellee to help her and offers no evidence to dispute Appellant's interpretation. As stated above, her testimony is that she does not know if Heinrich ever expressed an intention for the creation of a trust regarding the two Edward Jones accounts or she cannot recall if he did.

**{¶28}** Accordingly, the trial court's conclusion that Appellant did not show by clear and convincing evidence that Heinrich intended to create or did create an express

Case No. 19 CA 0935

trust for any of his property was correct. There is no genuine issue of material fact. The argument to the contrary is meritless.

### Implied Trust

{¶29} There are two types of implied trusts: constructive and resulting. Gabel v. Richley, 101 Ohio App.3d 356, 363, 655 N.E.2d 773 (2d Dist.1995).

{¶30} A constructive trust arises irrespective of the intention of the parties and is imposed when a person holding title to property is subject to an equitable duty to convey it to another on the ground that she would be unjustly enriched if she were permitted to retain it. Id. The duty to convey the property may arise because it was acquired through fraud, duress, undue influence, or mistake, through a breach of a fiduciary duty, or through the wrongful disposition of another's property. Id. A constructive trust may also be imposed "where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud." Fewell v. Gross, 12 Dist. Butler Nos. CA2006–04–096 and CA2006–05–103, 2007-Ohio-5788, ¶ 12. Thus, a constructive trust "is an equitable remedy imposed to prevent fraud or unjust enrichment." Glick v. Dolin, 80 Ohio App.3d 592, 596, 609 N.E.2d 1338 (8th Dist.1992). A party asserting the imposition of a constructive trust must prove its existence by clear and convincing evidence. Fewell at ¶ 13.

{¶31} "A resulting trust has been defined as 'one which the court of equity declares to exist where the legal estate in property is transferred or acquired by one under facts and circumstances which indicate that the beneficial interest is not intended to be enjoyed by the holder of the legal title.'" First Natl. Bank of Cincinnati v. Tenney, 165 Ohio St. 513, 515–516, 138 N.E.2d 15 (1956). There are three general situations in which resulting trusts are imposed: (1) where an express trust fails in whole or in part, (2) where an express trust is performed without exhausting the trust estate, and (3) purchase-money trusts. Id.

{¶32} As the trial court noted, Appellant does not expressly indicate what type of implied trust she contends was created. However, given the pleading of unjust enrichment and the facts presented, the only possible implied trust that could have been created would have been an implied constructive trust. "A constructive trust is

substantially an appropriate remedy against unjust enrichment. It is raised by equity in respect of property which has been acquired by fraud, or where, although acquired originally without fraud, it is against equity that it should be retained by the person holding it. * * *." Whitman v. Souder, 3d Dist. Seneca No. 13-84-30, 1985 WL 4387 (Dec. 12, 1985).

{¶33}     The following is the trial court's reasoning that there was no evidence that an implied constructive trust based on fraud, mistake, or breach of duty:

> In this case there is no doubt that Defendant holds title to both the real estate in question and the IRAs [Edward Jones accounts]. The real estate was passed to him by virtue of the Transfer on Death Deed. The IRAs should be passed to him by virtue of being the sole beneficiary under the IRA policies.
>
> But does he have an equitable duty to convey it to another on the grounds of unjust enrichment? The answer is no. The evidence presented indicates that Heinrich created the transfer on death deed in October 2010. Neither party makes any allegations that Heinrich was incompetent in 2010 and unable to handle his own affairs. By all accounts Heinrich became angry at Plaintiff in 2010 and intentionally had the deed changed so that she would not benefit from it. There is no evidence to suggest that Defendant influenced Heinrich's decision at all. Likewise, neither party presented any evidence or arguments to show that Defendant obtained the property through fraud, duress, mistake, breach of fiduciary duty or a wrongful disposition.
>
> The same can be said for Defendant's beneficiary status on the IRA accounts. There was some testimony that at one time Heinrich had one of Plaintiff's children listed as a beneficiary on at least one of the IRA accounts. However, there was no evidence presented to show that the beneficiary status was changed due to fraud, duress, undue influence or mistake or

through breach of fiduciary duty, or through the wrongful disposition of another's property.

The elements required to create a constructive trust for Plaintiff simply do not exist and there are no issues of material fact left to decide otherwise.

10/11/19 J.E.

**{¶34}** There is nothing in the record to indicate this reasoning is incorrect. Furthermore, in addition to the above analysis, it is noted that there is nothing in the record to create a genuine issue of material fact that it is against the principles of equity to not create an implied constructive trust. The argument that there is a genuine issue of material fact that an implied construction trust was created is meritless.

## Conclusion

**{¶35}** This court finds no merit with the assignment of error. The trial court's grant of summary judgment for Appellee is affirmed.

Donofrio, J., concurs.

Waite, P. J., concurs.

Case No. 19 CA 0935

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Carroll County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**