OPINION
{¶ 1} Plaintiff-appellants, Kim R. Knoppe, Marilyn T. Knoppe, and Oxford College Corner Road Trust ("Oxford Trust"), appeal the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellees, JGR Properties, Inc. ("JGR") and James H. Geyer, individually.
 {¶ 2} On March 30, 3006, JGR acquired title to property in Oxford Township which is *Page 2 
the subject of this dispute. On the same date, appellees executed a note and mortgage on the property in the face amount of $550,000 to Eastern Savings Bank, whose interest is not implicated in this appeal. On April 3, 2006, appellees executed a note and mortgage to appellants for $200,000. Concurrently therewith, appellees also executed and delivered a warranty deed to appellants. Appellants did not record the warranty deed until February 23, 2007, following appellees' alleged default on the underlying promissory note with cognovit provision.
 {¶ 3} This case began as a foreclosure action filed by Nancy Hendrickson, naming appellees, appellants, and other mortgagees on the property at issue. Appellants then filed a cross-claim in foreclosure on their mortgage against appellees. Subsequently, appellees filed a complaint to quiet title and for slander of title, which was consolidated with this case. Hendrickson later dismissed her complaint after appellees satisfied her mortgage. Thereafter, the claims remaining were appellants' foreclosure claim and appellees' quiet title and slander of title claims.
 {¶ 4} Appellees filed a motion for summary judgment on their claims, which the trial court initially denied. With leave of the court, appellees later filed a second motion for summary judgment, citing new authority, on their claims to quiet title and to set aside the warranty deed, which they claimed was invalid. The trial court granted appellees' motion. From that opinion, appellants timely appeal, asserting two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR BY GRANTING A SECOND MOTION FOR SUMAMRY JUDGMENT AFTER HAVING DENIED THE MOVANT'S FIRST MOTION FOR SUMMARY JUDGMENT."
 {¶ 7} Appellants first argue the trial court erred when it permitted appellees to file and later granted a second motion for summary judgment. Appellants assert the trial court's initial *Page 3 
denial of summary judgment was a final order and thus, not subject to reconsideration.
 {¶ 8} "The denial of a summary judgment motion does not determine the action and prevent a judgment," which means it generally does not constitute a final order under R.C. 2505.02. Celebreeze v. Netzley
(1990), 51 Ohio St.3d 89, 90. A trial court's entry denying a motion for summary judgment is an interlocutory order and subject to reconsideration any time before the entry of final judgment in the case.Nayman v. Kilbane (1982), 1 Ohio St.3d 269, 271; Glick v. Dolan (1992),80 Ohio App.3d 592, 594. Therefore, if a trial court determines it initially erred in denying summary judgment, "it is not necessary that the court wait until the judgment is reversed upon appeal, but, instead the court may correct its error either upon a motion for reconsideration or upon a new motion for summary judgment." Glick at 594. Accordingly, it was within the trial court's discretion to consider and grant appellees' second motion for summary judgment.
 {¶ 9} Appellants' second issue within their first assignment of error asserts that "the trial court erroneously found that the waiver of the equity of redemption by a sophisticated real estate investor should invalidate the voluntary transaction subject of this action." This issue will be resolved in our determination of appellants' second assignment of error. Appellants' first assignment of error is overruled.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR BY GRANTING THE SECOND SUMMARY JUDGMENT MOTION, WHICH INCLUDED THE ERRONEOUS CANCELLATION OF A VALID DEED EXECUTED BY APPELLEE IN FAVOR OF APPELLANT."
 {¶ 12} Appellants argue the trial court erred when it found appellees improperly waived their equity of redemption and therefore invalidated the deed recorded by appellants.
 {¶ 13} This court conducts a de novo review of a trial court's decision on summary *Page 4 
judgment. White v. DePuy, Inc. (1999), 129 Ohio App.3d 472, 478. In applying the de novo standard, we review the trial court's decision independently and without deference to the trial court's determination. Id. at 479. A court may grant summary judgment only when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C);Welco Indus., Inc. v. Applied Cos., 67 Ohio St.3d 344, 346,1993-Ohio-191.
 {¶ 14} In its decision, the trial court found that the warranty deed from JGR to appellants purporting to convey fee simple title of the subject property was an attempt to prejudice JGR's right of redemption upon default. Pursuant to Panagouleas Interiors, Inc. v. Silent PartnerGroup, Inc., Montgomery App. No. 18864, 2002-Ohio-1304, 2002 WL 441409, the court then invalidated the transaction at issue to the extent it was a fee simple conveyance from appellees to appellants, leaving intact appellants' mortgage on the subject property.
 {¶ 15} According to the Ohio Supreme Court, "[t]here is no rule of law which prevents a mortgagor from disposing of his equity of redemption to a mortgagee by private arrangement, but courts of equity will not permit a mortgagee to take advantage of his position so as to wrest from the mortgagor his equity, by an unconscionable bargain. The transaction will be jealously scrutinized, but if the agreement is a fair one, under all the circumstances, it will be upheld." Shaw v. Walbridge (1877),33 Ohio St. 1, paragraph two of the syllabus; Panagouleas at *9. At the time the mortgage is made, however, a mortgagor cannot waive his right of redemption. Shaw at 5-6; Hausman v. Dayton, 73 Ohio St.3d 671, 677,1995-Ohio-277; Panagouleas at *9. Thus, a mortgagor may convey equity of redemption to a mortgagee only in a contract executed subsequent to the mortgage. Panagouleas at *9, citing *Page 5 
 {¶ 16} In Panagoleas, the mortgagor brought a declaratory judgment action, alleging the invalidity of the deed in lieu of foreclosure recorded by the mortgagee. Following a bench trial, the trial court cited to Shaw and held that the mortgagee had legal and equitable ownership of the mortgaged hotel. The mortgagor appealed and argued that the deed recorded by the mortgagee should be invalidated because it operated to deprive the mortgagor of its equity of redemption. The Second Appellate District found the trial court improperly appliedShaw and held that the parties made an agreement concurrently with the execution of the mortgage that deprived the mortgagor of his right to redeem. Therefore, the Second District determined the deed in lieu of foreclosure was an improper waiver of equity of redemption in the mortgage agreement. Id. at *10.
 {¶ 17} In this case, it is undisputed that appellees executed the Commercial Promissory Note with Cognovit Provision and mortgage on April 3, 2006. Contemporaneously therewith, appellees executed the "Rider to the Promissory Note Lenders Procedure in the Event of Default," "Agreement Deed Held By Lender for Security," and the Warranty Deed. Both the "Agreement Deed Held By Lender as Security" and the "Rider to the Promissory Note Lenders Procedure in the Event of Default" provided that in the event appellees defaulted on the promissory note, the property would be immediately transferred to appellants, and appellants were to record the deed at such time. As in Panagoleas, the parties here, at the time they executed the mortgage, made an agreement that deprived appellees of their right of redemption. See id.
 {¶ 18} Although appellants urge this court to apply Gormas v.Permanent Savings Loan Assn. (Oct. 15, 1984), Butler App. No. CA84-03-035, to this case, we decline to do so. Appellants contend the present case is factually analogous to Gormas, but as discussed inPanagoleas, the facts in Gormas are not entirely clear.Panagoleas at *12. In Gormas, the *Page 6 
mortgagors executed a mortgage note and supplemental loan agreement in favor of the mortgagee savings and loan association. The loan was secured by mortgages on four pieces of property, and the purpose of the loan, pursuant to the supplemental agreement, was to provide funds needed by the mortgagors to avoid foreclosure on one of the properties. The supplemental agreement also required the mortgagors to sign a conditional conveyance deed of the property in danger of foreclosure, which operated as a deed in lieu of foreclosure. The court found the supplemental agreement did not cut off the mortgagor's equity of redemption and found no unconscionable terms in the agreement. The facts are unclear, however, as to whether the same mortgagee held both the mortgage in default and the newly financed mortgage made to avoid foreclosure of the one property. If this were the situation, thenGormas would be consistent with the doctrine that a mortgagor may convey equity of redemption to a mortgagee only in a contract executed subsequent to the mortgage, and Gormas would be distinguishable on its facts. See Panagoleas at *12.
 {¶ 19} If, however, the mortgagee is not the same lender in both mortgages, then the holding in Gormas would violate the Ohio Supreme Court's decision in Shaw, which clearly provides that at the time a mortgage is executed, the parties cannot make an agreement waiving the mortgagor's right of redemption. Shaw at 5-6. Therefore, to the extentGormas is in conflict with the Ohio Supreme Court's decision inShaw and subsequent holding in Hausman, we overrule Gormas.
 {¶ 20} Accordingly, appellants' second assignment of error is overruled.
 {¶ 21} Judgment affirmed.
 BRESSLER, P.J., and YOUNG, J., concur. *Page 1