OPINION
{¶ 1} Plaintiffs-appellants, Phillip and Pamela Mortensen, appeal the judgment *Page 2 
of the Butler County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Board of County Commissioners of Butler County ("Butler County") and West Chester Township Board of Trustees ("West Chester"). We affirm the decision of the trial court.
 {¶ 2} On March 17, 2008, Butler County filed an appropriation action against appellants to acquire an easement to accommodate the relocation and reconstruction of a bridge on West Chester Road. In response to the appropriation action, appellants filed cross-actions and counterclaims against various defendants, including Butler County.
 {¶ 3} On April 2, 2002, Butler County moved for summary judgment, which the trial court granted on May 16, 2002, finding that appellants were due nothing in damages and that the appropriation action was moot, as there was already an existing easement in place.
 {¶ 4} Appellants appealed that judgment. Following negotiations during the pending appeal, the parties entered into a settlement agreement, and dismissed the case with prejudice.
 {¶ 5} On April 14, 2006, appellants filed a complaint against Butler County alleging unlawful takings, trespass, and nuisance, and seeking mandamus relief and damages. Thereafter, Butler County filed its first motion for summary judgment, asserting that the doctrine of res judicata applied to the unlawful takings claim and that it had sovereign immunity with respect to the trespass and nuisance claims. The trial court granted the motion in part and denied it in part on March 28, 2007, finding that appellants' nuisance and trespass claims were barred by sovereign immunity, but that res judicata did not bar appellants from asserting their takings claims.
 {¶ 6} On March 26, 2007, the trial court granted appellants' motion for leave to *Page 3 
file an amended complaint, in which appellants added West Chester as a defendant and removed their trespass and nuisance claims from the action.[1] The amended complaint provided for two claims: a takings claim against Butler County and a takings claim against West Chester.
 {¶ 7} On April 10, 2007, Butler County appealed the trial court's entry granting Butler County's motion for summary judgment in part and denying it in part. This court dismissed the appeal on March 10, 2008, as it was not ripe for review, and remanded the case back to the trial court.
 {¶ 8} On remand, both Butler County and West Chester moved for summary judgment, again arguing the complaint was barred by res judicata. The trial court granted both motions, finding the damages sought by appellants in this case were an exacerbation of damages sought in the previous case. Appellants timely appealed to this court, asserting three assignments of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO APPELLEES AFTER PREVIOUSLY DENYING SUMMARY JUDGMENT WHEN FACTS WERE THE SAME AND THERE WAS NO EXPANSION OF THE RECORD."
 {¶ 11} Appellants first argue the trial court erred in granting appellees' motions for summary judgment after initially denying a motion predicated upon the same facts and law.
 {¶ 12} It is well-established that "an order overruling a motion for summary judgment is subject to revision at any time prior to the entering of such a final judgment *Page 4 
to correct an error made by the court. If the trial court errs in overruling a motion for summary judgment, it is not necessary that the court wait until the judgment is reversed upon appeal, but, instead, the *Page 5 
court may correct its error either upon a motion for reconsideration or upon a new motion for summary judgment predicated upon the same law and facts." Maxey v. Lenigar (1984), 14 Ohio App.3d 458, 458-59; R.E.D.Construction Corp. v. Sawyers (May 12, 1986), Butler App. Nos. CA85-04-040, CA85-05-04; Brown v. Performance Auto Center, Inc. (May 19, 1997), Butler App. No. CA96-10-205, 1997 WL 264203, at *9;Hendrickson v. JGR Properties, Inc., Butler App. No. CA2008-02-056,2008-Ohio-6192. Accordingly, we find the trial court did not err in electing to grant summary judgment following Butler County's renewed motion for summary judgment and West Chester's motion for summary judgment after initially denying Butler County's motion based upon the same law and facts. Appellants' first assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE IT GRANTED SUMMARY JUDGMENT WITHOUT CONSIDERING AND EXAMINING ALL MATERIALS PROPERLY PRESENTED AND THERE ARE GENUINE ISSUES OF MATERIAL FACT WHICH MUST BE RESOLVED AT TRIAL."
 {¶ 15} Within their second assignment of error, appellants make two arguments: (1) the trial court erred in failing to thoroughly examine all appropriate materials filed by the parties prior to ruling on appellees' motions for summary judgment, and (2) the trial court's "conflicting decisions themselves create a genuine issue of material fact."
 {¶ 16} When considering a second motion for summary judgment predicated upon the same basis, the trial court should re-examine the evidence submitted in connection with the first motion for summary judgment, as well as any additional evidence presented, and, predicated upon the totality of proper evidence pursuant to Civ. R. 56(C), determine whether reasonably minds could only come to an adverse conclusion to the party against whom the second motion for summary judgment is made *Page 6 
after construing all the evidence most strongly in favor of that party.Maxey at 459-60; Brown at *9.
 {¶ 17} In support of their argument that the trial court did not consider all appropriate materials, appellants cite to Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, a case in which the trial court improperly granted summary judgment after admitting, on the record, that it had not read the briefs or lengthy depositions. In the case at bar, however, the trial court expressly noted in its entry that it had reviewed the record, the memoranda, and applicable law. The trial court also detailed the course of events leading up to its decision to clarify the record and dedicated four pages to the issue of res judicata and its application to this case. It is clear the trial court followed the proper procedure, pursuant to Civ. R. 56(C), in ruling on this case.
 {¶ 18} Furthermore, appellants' argument that the trial court's conflicting decisions themselves create an issue of fact is wholly without merit. As stated, a court may reconsider its denial of a motion for summary judgment at any time prior to the entry of a final judgment to correct an error. See Maxey; RED Construction; Brown;Hendrickson. Accordingly, appellants' second assignment of error is overruled.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT RES JUDICATA APPLIES WHEN IT HAD PREVIOUSLY RULED THAT RES JUDICATA DID NOT APPLY."
 {¶ 21} Appellants argue the trial court erred in granting summary judgment, finding that res judicata applied to appellants' claims and dismissing the action. Appellants assert the recent damages to their house were not contemplated at the time of the settlement in the first case, and a new housing development upstream from their house has contributed, in part, to the damages they have suffered. *Page 7 
 {¶ 22} We review a trial court's decision granting summary judgment de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is appropriate "when looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party." Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, paragraph three of the syllabus; Civ. R. 56.
 {¶ 23} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d, 379, 1995-Ohio-331, paragraph one of the syllabus. It is not relevant whether the original claim explored all the possible theories of relief.Brown v. City of Dayton, 89 Ohio St.3d 245, 248, 2000-Ohio-148. Rather, "[i]t has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' * * * The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id. (Citations omitted.)
 {¶ 24} In addition, res judicata "applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) to present evidence or grounds or theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first action." Grava at 383. (Citation omitted.) Therefore, exacerbations of old claims are barred by res judicata. Valley View Homes, Inc. v. Baker, Jefferson App. No. 01 JE 14, 2002-Ohio-2794, ¶ 18.
 {¶ 25} In response to the 1998 appropriation action filed by Butler County, where *Page 8 
the county sought to acquire an easement to accommodate the relocation and reconstruction of a bridge located on West Chester Road, appellants filed cross actions and counterclaims against Butler County, seeking relief under mandamus, civil trespass, federal civil rights laws, negligence, and negligent infliction of emotional distress claims. In their counterclaim, appellants alleged various facts, including flooding as the factual basis for their claims of negligence and trespass. Appellants' "Operative Facts" section alleged the following:
 {¶ 26} "7. Without the benefit of resolution, easement or permission the Board or its Agents entered upon the Mortensen's [sic] property, demolished the existing West Chester Road Bridge and replaced it with a "Box Culvert" and installed Structural Backfill, Roadwork, Water Mains, Sanitary Sewers and ordered Telephone Lines installed by others upon the Property.
 {¶ 27} "8. The Project diverted water from its previous natural course and forced to flow [sic] into a new channel constructed upon the Mortensen's [sic] property without the benefit of resolution, easement or permission from the Mortensens.
 {¶ 28} "9. Several times since the Project was begun, water has left the new channel and "scours" and floods the Mortensens Property [sic]. This condition never existed prior to the Project as the water's natural flow was downstream from the Mortensen's [sic] property."
 {¶ 29} The trial court granted summary judgment in favor of Butler County in the 1998 action, finding that because there was a pre-existing easement already in place, Butler County did not have to file the appropriation action to use the easement, so long as the drainage remained within the easement. The court also found appellants' counterclaims and cross actions to be without merit. Appellants appealed that judgment to this court. *Page 9 
 {¶ 30} During the pendency of the appeal, the parties settled all cases and causes of action. Pursuant to the settlement agreement, Butler County agreed to pay appellants a settlement figure of $21,800. The parties agreed to dismiss with prejudice all claims and causes of action against one another. In addition, appellants agreed to grant to the county an easement for road purposes.[2]
 {¶ 31} According to their complaint in the case at bar, appellants allege that "[Butler County], by and through their agents and employees, in 1998 demolished the then existing West Chester Road bridge and replaced it with a `Box Culvert' to divert water which previously did not affect [appellants'] property. After the `Box Culvert' was installed then [appellants'] property was impacted." In addition, appellants provide that their "remaining property is now being impacted in a negative manner. [Appellants'] adjoining property to the appropriated area is incurring constant damage because the onslaught of water from the Box Culvert goes well beyond the dimensions of the appropriated property and easements." Appellants' allegations against West Chester are identical.
 {¶ 32} After independently reviewing the record, we find the trial court did not err when it determined that res judicata bars appellants from seeking recovery. The record demonstrates that appellants sought in the 1998 action, and continue to seek in the case at bar, compensation for damage occurring beyond the scope of any easement sought or possessed by appellees.
 {¶ 33} Although appellants attempt to distinguish their claims in this case, we find their arguments unpersuasive. Appellants claim the previous litigation did not seek compensation for damage to their home and that such damage could not have been anticipated. The record shows, however, that the same common nucleus of operative *Page 10 
facts exists in both the 1998 action and this case — the actions taken by appellees in designing, operating, and maintaining the "box culvert" have allegedly resulted in flooding beyond the intended channel and have resulted in damages to appellants' property. See Forshey v. AirborneFreight Corp. (2001), 142 Ohio App.3d 404, 411-412. Appellees have made no changes in the "box *Page 11 
culvert," easements, or channels since the prior litigation.
 {¶ 34} Appellants also argue the new housing development has contributed to their home's damages. They point to no evidence, however, to show how appellees are responsible for any alleged damage caused by the housing development. We find the trial court did not err in determining that the exacerbation of damages appellants seek in this case could have been contemplated in the original 1998 action. SeeValley View, 2002-Ohio-2794. Appellants' third assignment of error is overruled.
 {¶ 35} Assignment of Error No. 4:
 {¶ 36} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT NEGLIGENCE/RECKLESSNESS CLAIMS ARE DENIED BUT NOT ADDRESSING THE UNLAWFUL TAKINGS CLAIM TO WHICH THE TRIAL COURT HAD PREVIOUSLY FOUND THAT THERE WAS AT LEAST A GENUINE ISSUE OF MATERAL FACT RELATING TO AN UNLAWFUL TAKING CLAIM."
 {¶ 37} Appellants appear to argue in their fourth assignment of error that there exists a genuine issue of material fact as to whether appellees have unlawfully encroached upon their property and restricted appellants' dominion and control over their property. Further, appellants allege that the trial court skimmed over the issue in its decision granting summary judgment and argue that sovereign immunity does not apply to the unlawful takings claim. It is unclear from appellants' arguments as to what "negligence/recklessness" claims appellants are referring, as they fail to provide any analysis regarding negligent or reckless acts by appellees in their argument. Furthermore, appellants stated in their brief that the "amended complaint was narrowed down to the claim of unlawful taking." During oral argument, appellants' counsel confirmed that this case is solely an action for an unlawful taking, which does not involve negligence or recklessness. *Page 12 
 {¶ 38} In addition, appellants' claim that the trial court skimmed over the unlawful takings claim is without merit. Although appellants correctly argue that sovereign immunity does not apply to an unlawful takings claim, the trial court did not make a finding to the contrary. The trial court, in its decision, thoroughly analyzed appellants' claims and found that the flooding at issue was already litigated in the 1998 action and that as a result of the settlement agreement, appellants have been compensated for any taking. The trial court's second decision granting summary judgment deviated from its first decision denying summary judgment only in its application of the law. The trial court applied the doctrine of res judicata and based its decision on the same set of facts. Accordingly, appellants' fourth assignment of error is wholly without merit and is overruled.
 {¶ 39} Judgment affirmed.
YOUNG, P.J., and HENDRICKSON, J., concur.
[1] Appellants added West Chester to the suit following Butler County's representations that West Chester now controls the "box culvert" at issue in this case. All parties agree that West Chester stands in privity with Butler County.
[2] We note that a copy of the signed release was never placed in the record in this case. *Page 1