OPINION
{¶ 1} On February 3, 1997, Rebecca Henson died. Pursuant to her will, Ms. Henson left thirty percent of her real and personal property to appellant, Trustee Roger King, for the benefit of her son, Samuel Henson. The property was to be held in trust until Samuel reached the age of twenty-five at which time he would receive the property.
 {¶ 2} Thereafter, the Licking County Probate Court issued a Certificate of Transfer bequeathing appellant a thirty percent interest in an undivided half interest in real estate located in Perry County, Ohio, which is the subject of this appeal. The Certificate of Transfer was recorded on February 12, 1998.
 {¶ 3} On October 22, 1999, Ms. Henson's husband, Troy Henson, Jr., executed a mortgage with America's Wholesale Lender on the subject real estate.
 {¶ 4} On August 30, 2001, Mr. Henson and Samuel executed a mortgage with CitiFinancial Inc. on the subject real estate.
 {¶ 5} On February 25, 2002, Mr. Henson executed a mortgage with appellee, ABN AMRO Mortgage Group, Inc., on the subject real estate. Appellant was unaware of these three mortgages.
 {¶ 6} On April 7, 2003, appellee filed a complaint in foreclosure on the subject real estate against Mr. Henson and appellant. On March 11, 2004, appellee filed a motion for partial summary judgment to subrogate appellant's interest to its mortgage. By entry filed April 13, 2004, the trial court granted the motion to the extent appellant's "prior debt for taxes and prior debt to Citifinancial, Inc., was satisfied."
 {¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 8} "The trial court erred in granting partial summary judgment against appellant, a 15% fee owner of property in foreclosure, subrogating his ownership interest behind appellee's mortgage lien when appellant did not consent to the encumbrance, did not have any knowledge of appellee's loan and did not benefit from the loan."
 I {¶ 9} Appellant claims the trial court erred in granting partial summary judgment to appellee under the theory of equitable subrogation. We agree.
 {¶ 10} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 11} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 12} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 13} Although the trial court did not state upon what theory its decision was based, we find the March 11, 2004 motion for partial summary judgment filed against appellant was based upon the theory of equitable subrogation. "Equitable subrogation" "arises by operation of law when one having a liability or right in the property paid a debt due another by circumstances that he is in equity entitled to the security held by the creditor to whom he has been paid." Appellant's Brief at 7. Appellee argued because its mortgage loan paid off previous mortgages that encumbered the subject real estate, appellant benefited from the loan and "should not be allowed to reap the benefit" of the loan "while their interest in the property remains unencumbered by the accompanying Mortgage." See, Motion for Partial Summary Judgment filed March 11, 2004 at 4.
 {¶ 14} Upon review, we find the facts sub judice do not qualify under the theory of equitable subrogation. The Certificate of Transfer, wherein appellant became a thirty percent interest holder in an undivided half interest (fifteen percent overall interest) in the subject real estate, was duly recorded on February 12, 1998 in Perry County Official Record, Vol. 199 at Page 658. See, Affidavit of Roger King filed April 1, 2004 at ¶ 3. The execution of the first mortgage was on October 22, 1999, the second mortgage on August 30, 2001 and the third mortgage with appellee on February 25, 2002. Appellant was not a party to any of these three mortgages executed after the Certificate of Transfer to appellant.
 {¶ 15} Although the March 11, 2004 affidavit of Jonathan Secrest attests to the authenticity of the copies of appellee's mortgage attached to its motion for partial summary judgment, there is no proof that appellant, the fifteen percent fee holder, was ever a party to the mortgage or any previous payoffs.
 {¶ 16} The previous payoffs were on mortgages that encumbered the subject real estate, but only to the eighty-five percent interest. The filing of the Certificate of Transfer in Perry County in 1998 put the world on notice of appellant's fifteen percent fee interest. Therefore, we find the facts in this case do not fit under the theory of equitable subrogation because appellant had no knowledge of, nor did he participate in, the debt that encumbered the subject real estate.
 {¶ 17} Upon review, we find the trial court erred in granting partial summary judgment to appellee as against appellant.
 {¶ 18} The sole assignment of error is granted.
 {¶ 19} The judgment of the Court of Common Pleas of Perry County, Ohio is hereby reversed.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio is reversed. Costs to appellee.