DECISION
{¶ 1} Defendant-appellant, Mark A. Fleming, appeals a decision of the Warren County Court of Common Pleas, Probate Division. Appellant argues that the probate court erred when it (1) overruled his exceptions to the inventory of the estate of John C. Brunswick, deceased, (2) found in favor of plaintiff-appellee, John Edward Powell, Jr., executor of the estate of John C. Brunswick, on his complaints to sell certain real property in the estate, and (3) dismissed appellant's counterclaims. For the reasons outlined below, we affirm the *Page 2 
decision of the probate court.
 {¶ 2} Appellant was involved in a relationship with Brunswick, the decedent. The two men began cohabiting shortly after meeting in early 1986, and continued to live together for 17 years. During that time, they did not formally discuss arrangements for asset and debt allocation in the event of a breakup. Appellant testified that he believed all of the assets, although titled in Brunswick's name, were owned equally and jointly between the two of them. He believed Brunswick shared this view, though it was never actually verbalized or put into writing.
 {¶ 3} In 1990, appellant filed for personal bankruptcy after a general contractor defaulted on a payment owed to his construction business, Blue Chip Contracting. Appellant's debts were discharged, with the exception of state and federal payroll taxes. Because appellant feared that any property he owned would be seized to repay his government debts, he and Brunswick titled all of their assets in Brunswick's name. This included the couples' residence at 7856 Perry Street, Cincinnati, Ohio ("Perry Street"), purchased in November 1992, and the Blue Chip office property located at 897 West North Bend Road, Cincinnati, Ohio ("North Bend"), purchased in 1997. This also included all of the stock and assets for appellant's next business venture, Blue Chip Builders, Inc. Other assets were purchased throughout the relationship, and always put in Brunswick's name. Both men contributed to acquiring these assets and paying the bills.
 {¶ 4} In July 2003, Brunswick ended the relationship. The couple split some of their assets in accordance with several discussions held mostly by phone and e-mail. The arrangements were never reduced to writing, and Brunswick later made several demands for changes to the arrangements, which appellant refused.
 {¶ 5} Brunswick executed his will in January 2004. The instrument devised Perry Street, North Bend, and the Blue Chip stock to appellant. After suffering from deteriorating *Page 3 
health, Brunswick passed away in November 2004. His will was admitted to probate in January 2005, and the estate inventory and appraisal filed in June 2005. Appellant filed his exceptions to the inventory and appraisal the following month, objecting to the inclusion of the Perry Street and North Bend properties and the Blue Chip stock in the estate assets.
 {¶ 6} Because the various claims filed against the estate exceeded the value of the assets, appellee filed a representation of insolvency for the estate. In order to prevent foreclosure, appellee filed two complaints seeking to sell the Perry Street and North Bend properties to satisfy Brunswick's debts and the costs of administering the estate. Appellant filed his answer and asserted counterclaims declaring equitable interests in the Perry Street and North Bend properties.
 {¶ 7} In February 2006, the probate court conducted a hearing on appellant's exceptions. In a decision issued on July 25, 2006, the probate court overruled the exceptions and dismissed appellant's counterclaims. The decision also ruled in favor of appellee on the complaints to sell the real estate in Brunswick's name. Appellant timely appeals, raising one assignment of error.
 {¶ 8} Appellate review of a probate court ruling on exceptions to an inventory entails the abuse of discretion standard. In re Estate ofShaw, Greene App. No. 2004 CA 111, 2005-Ohio-4743, ¶ 13. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. We are mindful of this standard in reviewing appellant's sole assignment of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN NOT IMPOSING A CONSTRUCTIVE TRUST WHEN A PARTNERSHIP-LIKE RELATION EXISTED."
 {¶ 11} The burden to prove that an asset should be excluded from an estate inventory rests with the exceptor. In the Matter of the Estate ofHollingsworth (Mar. 31, 1988), Warren *Page 4 
App. No. CA87-06-050, at 8. Appellant challenges the probate court's inclusion of the aforementioned real estate and stock in Brunswick's estate inventory, raising four issues for our review.
 {¶ 12} First, appellant argues that the probate court erred in determining the ownership of Perry Street, North Bend, and Blue Chip by failing to extend his and Brunswick's relationship beyond cohabitation. Appellant contends that the relationship, while perhaps falling short of an explicit partnership, was sufficiently close to one so that certain partnership-like duties arose. Appellant invokes this partnership analogy to support his alleged right to the disputed assets.
 {¶ 13} Initially, we observe that appellant failed to prove that he and Brunswick ever reached a finalized agreement regarding allocation of the disputed assets. Although appellant contends that the couple devised an oral asset separation agreement, nothing was ever memorialized in writing. Furthermore, the evidence in the record supports the conclusion that no final agreement was ever reached. Following their breakup in July 2003, appellant and Brunswick had numerous discussions in an attempt to allocate the assets. In September 2003, Brunswick called for appellant to "buy him out" regarding Blue Chip and Perry Street. Appellant refused. Further e-mails from May 2004 demonstrate that the two men could not reach an agreement regarding the assets. As the probate court noted, the fact that Brunswick devised Perry Street, North Bend, and Blue Chip to appellant in his will demonstrates Brunswick's belief that an agreement was not reached regarding those assets.
 {¶ 14} We agree with the probate court that appellant failed to prove that there was any meeting of the minds regarding the distribution of the disputed assets. Appellant's failure to prove the existence of an agreement undermines his ownership claims over the real estate and Blue Chip, all of which were titled in Brunswick's name. See Victoria PlazaLtd. Liab. Co. v. Cuyahoga Cty. Bd. of Revision, 86 Ohio St.3d 181, 183,1999-Ohio-148. *Page 5 
 {¶ 15} Further, appellant's claims over the disputed real estate are barred by the statute of frauds. Ohio's statute of frauds provides that certain contracts must be in writing to be enforceable. This includes contracts for the transfer of real property. As R.C. 1335.04 provides:
 {¶ 16} "No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law."
 {¶ 17} Further, R.C. 1335.05 states:
 {¶ 18} "No action shall be brought * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
 {¶ 19} Appellant's attempt to classify the relationship as a partnership does not alter the applicability of the statute of frauds. Cohabitation does not create a contract. It is undisputed that Brunswick did not execute and sign a writing to transfer Perry Street and North Bend to appellant. The statute of frauds thus bars appellant's claims to the properties.
 {¶ 20} In order to circumvent the fact that there was no written agreement, appellant seeks to impose a constructive trust upon Perry Street, North Bend, and Blue Chip. One seeking the imposition of a constructive trust must prove its existence by clear and convincing evidence. Cole v. Cole (May 1, 2000), Butler App. No. CA99-03-059, at 5. Here, the probate court did not invoke this equitable tool, finding that the evidence did not support a constructive trust and concluding that it would not result in an equal division of property and debt under the facts.
 {¶ 21} A trial court's decision regarding the existence of a constructive trust will not be *Page 6 
reversed where it is supported by some competent, credible evidence going to all the essential elements of the case. Id. A constructive trust, typically invoked when property has been acquired by fraud, may also be imposed where it would be inequitable for the property to be retained by a person who holds the property without fraud. Id. at 4, citing Seasons Coal Co., Inc. v. City of Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 22} Appellant does not allege fraud on the part of Brunswick. Rather, appellant contends that equity requires that he receive the disputed assets because it was through their combined efforts — money, time, and skill — that the two men obtained and improved their assets. Appellant likens himself to a trustee who held the disputed assets for the benefit of his and Brunswick's partnership. However, the equities do not support appellant's argument.
 {¶ 23} Appellant refused to comply with Brunswick's demands to purchase Brunswick's ownership interests in Blue Chip and Perry Street following the breakup. Clearly, Brunswick did not wish for appellant to retain these assets without receiving compensation therefor. Further, Brunswick's estate is insolvent, burdened with debt that exceeds the value of the assets. The probate court found that appellant was responsible for incurring much of the debt which now forms the basis for the creditors' claims against Brunswick's estate. In order to avoid his creditors following his own bankruptcy, appellant sheltered assets by titling everything in Brunswick's name. As the probate court soundly reasoned, permitting appellant to retain Perry Street, North Bend, and Blue Chip "works an inequity as the estate is burdened with all of the debt, it does not facilitate an equal division of property, and [it] perpetuates a continuing fraud upon creditors." Under these circumstances, equity favors the inclusion of the disputed assets in Brunswick's estate. We conclude that the probate court's determination that appellant failed to establish the existence of a constructive trust upon the disputed assets was supported by competent, credible evidence. *Page 7 
 {¶ 24} Appellant's second argument is that unjust enrichment will result if a constructive trust is not imposed. This court has previously held that one seeking relief in the form of a constructive trust must prove, as a necessary predicate, that the failure to impose a constructive trust would result in unjust enrichment. Cf. Cole at 4. The elements that appellant must prove to establish unjust enrichment are: (1) the existence of a benefit conferred by appellant upon Brunswick; (2) knowledge by Brunswick of the benefit; and (3) retention of the benefit by Brunswick under circumstances where it would be unjust to do so without payment. Hubbard v. Dillingham, Butler App. No. CA2002-02-045, 2003-Ohio-1443, ¶ 25.
 {¶ 25} In support of his unjust enrichment claim, appellant cites various terms of the couple's oral separation agreement to prove the intended distribution of the assets. As stated, however, appellant failed to prove the existence of a finalized agreement. Also, appellant chose to keep all assets in Brunswick's name to avoid creditors. This does not support the contention that appellant intended to confer a benefit upon Brunswick by "allowing" Brunswick ownership of the assets. Furthermore, appellant has failed to establish exactly who would be enriched by the inclusion of the disputed assets in the estate inventory. The record indicates that appellant derived the majority of the benefit from the disputed assets while Brunswick was alive, not Brunswick himself. We also note that the estate is insolvent, and it is anticipated that Brunswick's heirs and devisees will receive nothing once the creditors are paid and the costs of administering the estate are covered. It is not unjust to incorporate the disputed assets into the estate inventory where doing so without compensating appellant does not result in a benefit retained by Brunswick or his estate.
 {¶ 26} Third, appellant objects to the inclusion of the funds in the Blue Chip corporate account in the estate assets. Appellant complains that the calculation of Blue Chip's account balance was not computed by using the proper accounting methods. This is irrelevant. *Page 8 
Brunswick was the sole owner of Blue Chip and all its assets. Therefore, the corporate account balance, whatever it may have been, was properly attributed to Brunswick's estate.
 {¶ 27} Finally, appellant maintains that appellee, the executor of the estate, violated his duty of good faith and loyalty by failing to testify at the exceptions hearing. Indeed, an executor functions in a fiduciary capacity. In the Matter of Ewing, Hancock App. No. 5-03-03, 2003-Ohio-4734, ¶ 12. As such, an executor is required to carry out his duties honestly and in good faith. Morris v. Mull (1924),110 Ohio St. 623, 628. Appellant seems to imply that, by not testifying, appellee withheld information relevant to the administration of the estate. However, appellant did not submit that he attempted to obtain disclosure of certain information from appellee, or even that appellee willfully withheld any relevant information. Appellant failed to call appellee, who was present at the exceptions hearing, to testify as a witness. It does not follow that appellant can now claim error where he failed to argue that disclosure was withheld and failed to call appellee to the witness stand.
 {¶ 28} We conclude that the probate court did not abuse its discretion in overruling appellant's exceptions to the estate inventory and appraisal, dismissing appellant's counterclaims, and in ruling in favor of appellee on the complaints to sell Brunswick's real estate. Appellant's first assignment of error is overruled.
 {¶ 29} Judgment affirmed.
 BRESSLER, P.J., WALSH and POWELL, JJ., concur. *Page 1